# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD MULIEK KEARNEY, | : |
| Plaintiff, | : |
| v. | : 3:21-CV-52 |
| | : (JUDGE MARIANI) |
| PATTY SUDERS FIX, | : |
| Defendant. | : |

## ORDER

**AND NOW, THIS 14th DAY OF MAY 2021**, upon *de novo* review of Magistrate Judge Schwab's Report and Recommendation ("R&R") (Doc. 11), Plaintiff's Objections thereto (Doc. 14), and all other relevant documents, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Objections (Doc. 14) are **OVERRULED**.

2. The R&R (Doc. 11) is **ADOPTED** for the reasons set forth therein.[1]

---

[1] This action is further barred by *Heck v. Humphry*, 512 U.S. 477 (1994). Plaintiff states in his Complaint that he "was tried and convicted on April 26, 2012, and sentenced on May 29, 2012 to a term of imprisonment of 12 to 24 years, regarding Case Docket CR-227-2011." (Doc. 8, at ¶ 24). Public records confirm that Plaintiff was convicted of the offenses in CR-227-2011 and that "the conviction or sentence has [not] been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254", *Heck*, 512 U.S. at 487. *See Commonwealth v. Kearney*, 2021 WL 1328562 (Pa. Super. Ct. April 9, 2021) (affirming lower court's denial of PCRA Amended Petition for conviction stemming from Case 227-2011). Where, as here, judgment in favor of Kearney would imply the invalidity of his conviction or sentence, *Heck*'s favorable termination doctrine applies to bar Plaintiff's action.

In addition, the Pennsylvania Superior Court, when affirming the Court of Common Pleas' denial of Kearney's Amended PCRA Petition in *Commonwealth v. Kearney*, recently rejected the precise arguments raised by Plaintiff in this action. *See Commonwealth v. Kearney*, 2021 WL 1328562 (Pa. Super. Ct. April 9, 2021). The appellate court also noted, inter alia, that "even assuming Kearney is correct that the court appointed counsel – be it accidentally or purposefully – before he had received any other notice of this case, the appointment of counsel did not deprive Kearney of due process or affect the jurisdiction of the trial court." *Id.* at *4. The Superior Court's opinion demonstrates that Plaintiff's Complaint here, on screening, was properly found to be subject to dismissal with prejudice. In addition, it leaves no question

3. Plaintiff's Amended Complaint (Doc. 8) is **DISMISSED WITH PREJUDICE**.

4. The Clerk of Court is directed to **CLOSE** this action.

_____
Robert D. Mariani
United States District Judge

---

that an action such as the one Plaintiff Kearney has brought here seeking relief pursuant to 42 U.S.C. § 1983 is barred by the *Heck v. Humphrey* favorable termination doctrine.

2